Charles H. Streb, Plaintiff, *v.* The Chatham and Phenix National Bank of the City of New York, Defendant.

(Supreme Court, New York Special Term, August, 1919.)

Alien enemies — all property of, in United States during the war, subject to seizure and confiscation — Trading with the Enemy Act — alien property custodian — parties — Banking Law, § 113.

All alien enemy property in the United States during the war, including choses in action as well as tangible property, is subject to seizure and confiscation when so directed by the Congress.

After the plaintiff had made a deposit in the defendant bank under the name of a corporation, the alien property

custodian, under the authority of the Trading with the Enemy Act, adjudged that all of the property held by said corporation belonged to alien enemies, demanded possession of such property and served a copy of the demand on the defendant bank which refused compliance therewith. In an action by the depositor to recover the deposit, *held,* that the alien property custodian's seizure of the deposit was a part of the prosecution of the war and that as there was pending in the Federal court a libel brought by him to determine the ownership of the fund in suit, a motion by defendant pursuant to section 113 of the Banking Law, to interplead or have the alien property custodian made a party defendant, will be denied, the order to provide that defendant's time to serve an answer be extended until after the determination of the proceeding in the Federal court.

APPLICATION for an order to interplead alien property custodian as defendant.

Samuel Bitterman, for plaintiff.

Kaye, McDavitt & Scholer, for defendant.

Francis G. Caffey, United States attorney, for Francis P. Garvan, as alien property custodian.

LUCE, J. In this action, brought to recover a sum of money on deposit, the defendant seeks, pursuant to section 113 of the Banking Law, to interplead or have made a party defendant the alien property custodian, who has " seized " the deposit under the claim it is the property of a corporation the entire stock of which is alien enemy owned. The plaintiff made the deposit in the defendant bank under the name of the New York Funchal Hand Embroidery Company. On May 22, 1919, the alien property custodian adjudged that " all of the property and assets of every kind, character and description held by the New York Funchal Hand Embroidery Company, Charles H. Streb, proprietor, in its name " belonged to alien enemies, and

24

thereafter the alien property custodian demanded possession of all the property of the New York Funchal Hand Embroidery Company, and served a copy of this demand upon the defendant. Compliance with this demand was refused by the defendant. The plaintiff opposes this application, alleging that he, and not the alien enemies, owns this fund; that the determination of the alien property custodian is not sufficient to transfer the title to the fund to that official, and that there is no peril to the defendant in paying the fund to the plaintiff. The alien property custodian opposes the application because, under the Trading with the Enemy Act, exclusive jurisdiction to determine the ownership of the fund is vested in the federal courts, and interpleading the alien property custodian in this action is commencing against him an action in the Supreme Court. All alien enemy owned property in the United States during war is subject to seizure and confiscation when so directed by Congress. *Brown* v. *United States,* 12 U. S. 110; *Salamandra Ins. Co.* v. *New York Life Ins. & Trust Co.,* 254 Fed. Repr. 852; 1 Kent's Com. (14th ed.) 60. This included choses in action as well as tangible property. *Salamandra Ins. Co.* v. *New York Life Ins. & Trust Co., supra.* The Trading with the Enemy Act, section 7, requires the delivery or payment, after investigation and upon demand, to the alien property custodian of money or other property owing or belonging to an alien enemy. The Trading with the Enemy Act is the congressional authority for the seizure of alien enemy property. The Constitution of the United States, the laws of Congress and treaties are the supreme law of the land. U. S. Const. art. VI, § 2. The right to levy war is an exclusively federal function (U. S. Const. art. I, § 8), and the Trading with the Enemy Act is a war measure. The

alien property custodian, in seizing property of an alien enemy, is exercising a war power and function. Section 9 of the Trading with the Enemy Act provides for the filing of a claim by any person not an enemy with the alien property custodian that property seized is his and not that of an enemy, and near the end reads: " Except as herein provided, the money or other property conveyed, transferred, assigned, delivered or paid to the alien property custodian shall not be liable to lien, attachment, garnishment, trustee process or execution, or subject to any order or decree of any court." Section 17 of the act vests in the United States District Courts jurisdiction to make all such orders and decrees as may be necessary to enforce the provisions of the act. The war powers of the president, and therefore of the federal government, are all derived directly from the Constitution — (a) commander-in-chief of the army and navy; (b) implied powers possessed by the federal government and necessary to secure its existence in time of war. The alien property custodian's seizure of this deposit was a part of the prosecution of the war; his powers are all federal and committed by the Constitution exclusively to federal officials; therefore neither state nor state courts can interfere in any manner with the alien property custodian in the exercise of his official functions. Ample provision is made in section 17 of the Trading with the Enemy Act for the determination of title and ownership to this deposit. *Garvan* v. *$50,000 Par Value Bonds,* N. Y. L. J., Aug. 6, 1919. There is now pending in the United States District Court a libel brought by the alien property custodian against this fund to determine its ownership, to which proceeding the parties to this action have been summoned. The very question sought to be litigated and determined in this action can be tried in that proceeding. The motion

Supreme Court, August, 1919.     [Vol. 108.

must therefore be denied. If the defendant be so advised the order may provide for an extension of its time to answer until after the determination of the proceeding in the federal court.

Ordered accordingly.